IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEAIRA EDWARDS, as parent and next friend of L.C., a minor, )<br><br>Plaintiff, )<br>)<br>vs. )<br>)<br>MERCEDES-BENZ USA, LLC, )<br>DAIMLER AG, BRYAN DOOLING, as )<br>special representative for TOMMY G. )<br>THOMAS, deceased, and SABRINA )<br>ELLIOTT, )<br>)<br>Defendants. ) | Case No. 22-CV-130-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff TeAira Edwards, as parent and next friend of L.C., a minor, originally filed this personal injury action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Defendant Mercedes-Benz USA, LLC ("MBUSA") removed this matter, asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 12). Now pending before the Court is Plaintiff's Motion to Remand (Doc. 18). For the following reasons, the motion is **GRANTED**.

Federal courts have original jurisdiction over civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. For complete diversity to exist, "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 USC § 1332(c)(2); *see also*, *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166, 168 (7th Cir. 1992).

Here, the Complaint alleges that Plaintiff's minor child was a passenger in a car driven by decedent Tommy G. Thomas that collided with the vehicle of Sabrina Elliott. The Complaint further alleges the citizenship of the parties as follows:

- Plaintiff is "a citizen and resident of the State of Missouri" (Doc. 12-1, ¶ 1)
- Defendant MBUSA is a "Delaware corporation with its principal place of business in the State of Georgia" (Doc. 12-1, ¶ 2)
- Defendant Daimler AG "is a German corporation and with its principal place of business in Germany" (Doc. 12-1, ¶ 3)
- Defendant Tommy G. Thomas, deceased, "was a citizen and resident of the State of Missouri" (Doc. 12-1, ¶ 5). Bryan Dooling is alleged to be the special representative for Thomas. Dooling is "a member in good standing with the Illinois Supreme Court's Attorney Registration and Disciplinary Commission" (Doc. 12-1, ¶ 6)
- Defendant Sabrina Elliott "is a citizen and resident of the State of Illinois" (Doc. 12-1, ¶ 8)

Complete diversity does not exist on the face of the Complaint because Plaintiff and Thomas are citizens of Missouri for purposes of the statute. MBUSA does not deny that complete diversity is lacking on the face of the Complaint but argues that the Court should only consider the citizenship of Dooling, an Illinois citizen and the alleged special administrator of Thomas's estate (Doc. 21, p. 3). MBUSA concedes, however, that there has been no formal order appointing Dooling as the special representative of Thomas's estate (Doc. 21, p. 4). Moreover, the outcome would be the same even if Dooling had been appointed as a special administrator. Based on the plain language of 28 USC § 1332(c)(2), the "legal representative" of a decedent is deemed to be a

citizen of the state of the decedent. *Gustafson v. zumBrunnen*, 546 F.3d 398 (7th Cir. 2008). See also, *Pruitt v. Kelly Moore Paint Co.,* Civil No. 07-768-GPM, 2007 WL 4226068, at *1 (S.D.Ill. Nov.13, 2007) (finding that "because [the special administrator] brings this action in a representative capacity, her citizenship for diversity purposes is that of her decedent").

MBUSA's reliance on *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166 (7th Cir. 1992) is misplaced. The decedent's citizenship was not at issue in that case because he was not a plaintiff in the lawsuit. Louisiana law did not regard "a decedent's estate as an entity on behalf of which a lawsuit can be brought," and so the only plaintiffs were his surviving wife and their children, all of whom were Louisiana residents. *Milan*, 972 F.2d at 168. In the instant case, the parties do not dispute that decedent Thomas is being sued and that Plaintiff has the capacity to sue him. MBUSA's reliance on *Tank v. Chronister*, 160 F.3d 597 (10th Cir. 1998) is similarly misplaced – Kansas law requires an heir-in-law to bring an action for the exclusive benefits of heirs who have sustained a loss by reason of the death, and so they do not merely represent the decedent's estate as in Illinois.

This Court lacks subject matter jurisdiction over this matter and is therefore obligated to **REMAND** the case back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. 28 U.S.C. § 1447(c). All pending motions are terminated as **MOOT**, and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  June 22, 2022**

**STACI M. YANDLE**
**United States District Judge**